**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                               )
YULMAN OSORIO-RAMIREZ,         )
                               )
                               )
         Petitioner,           )
                               )   Civil Action
v.                             )   No. 20-10053-PBS
                               )
THOMAS HODGSON,                )
Bristol County Sheriff,        )
                               )
         Respondent.           )
_____)
```

**ORDER**

February 20, 2020

Saris, D.J.

Petitioner Yulman Osorio-Ramirez brings this habeas petition seeking relief pursuant to the Court's declaratory judgment in Brito v. Barr, No. 19-11314, 2019 WL 6333093, at *8 (D. Mass. Nov. 27, 2019) ("Brito"). Petitioner argues that his immigration bond hearing did not meet due process standards because he was required to bear the burden of proof, rather than the Government. Petitioner claims he was prejudiced by this error and so is entitled to receive a new bond hearing. Respondent contends that Osorio-Ramirez cannot demonstrate prejudicial injury because there is sufficient evidence that his release would impose a danger to the community. For the reasons

1

stated below, the Court hereby **ALLOWS** the petition (Docket No. 1) and **ORDERS** that Osorio-Ramirez be released unless he receives, within ten calendar days, a bond hearing that complies with the requirements of Brito.

## LEGAL STANDARD

Under 8 U.S.C. § 1226(a), "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." After ICE makes the initial decision to detain an alien, the alien may request a bond hearing in immigration court at any time before a removal order becomes final. 8 C.F.R. § 236.1(d)(1). In Pensamiento v. McDonald, the Court held that constitutional due process "requires placing the burden of proof on the government in § 1226(a) custody redetermination hearings." 315 F. Supp. 3d 684, 692 (D. Mass. 2018).

In a subsequent class action, Brito v. Barr, the Court entered the following declaratory judgment:

> [A]liens detained pursuant to 8 U.S.C. § 1226(a) are entitled to receive a bond hearing at which the Government must prove the alien is either dangerous by clear and convincing evidence or a risk of flight by a preponderance of the evidence and that no condition or combination of conditions will reasonably assure the alien's future appearance and the safety of the community. At the bond hearing, the immigration judge must evaluate the alien's ability to pay in setting bond above $1,500 and must consider alternative conditions of release, such as GPS monitoring, that reasonably assure the safety of the community and the alien's future appearances.

2

2019 WL 63333093, at *8. The Court held that class members who had received an unlawful hearing could seek relief by "show[ing] prejudice via an individual habeas petition." Brito v. Barr, 395 F. Supp. 3d 135, 148 (D. Mass. 2019).

To establish prejudice, a petitioner must show that a due process violation could have affected the outcome of the custody redetermination hearing. See Doe v. Tompkins, No. 18-cv-12266, 2019 U.S. Dist. LEXIS 22616, at *3-4 (D. Mass. Feb. 12, 2019) (citing Pensamiento v. McDonald, 315 F. Supp. 3d 692, 693 (D. Mass. 2018); then citing Singh v. Holder, 638 F.3d 1196, 1205 (9th Cir. 2011)). The prejudice inquiry requires the court to conduct "an individualized analysis of [the petitioner's] criminal history and personal characteristics." Brito, 395 F. Supp. 3d at 147.

### FACTS

The following facts are undisputed.[1] Osorio-Ramirez is a citizen of Guatemala. Docket No. 9-1 ¶ 5. There is no record of when he entered the United States. Id. He has no legal status in the United States.

On October 26, 2014, Osorio-Ramirez was arrested by the Massachusetts State Police and charged with Operating Under the

---

[1] Because Osorio-Ramirez did not contest the facts provided in the Respondent's exhibits, the Court treats them as undisputed.

3

Influence ("OUI") and Operating Negligently. Docket No. 9-3. Police reports indicate he was belligerent. See id. at 2. The New Bedford District Court granted Osorio-Ramirez a continuance without a finding for the OUI offense in October of 2015. Docket No. 9-1 ¶ 17.

On April 24, 2019, Osorio-Ramirez was cited for driving 73 miles per hour in a 50 mile per hour zone and for Unlicensed Operation of a Motor Vehicle. Docket No. 9-5.

On May 7, 2019, Osorio-Ramirez was arrested and charged with Unlicensed Operation of a Motor Vehicle and Possession of an Open Container of Alcohol in a Motor Vehicle. Docket No. 9-4. On July 19, 2019, both charges were dismissed. Docket No. 9-1 ¶ 23.

At his November 13, 2019 bond hearing, Osorio-Ramirez submitted letters to the immigration judge indicating he has strong family ties and an employment history. Docket No. 10-1. All three of his siblings live in New Bedford, including two sisters who are U.S. citizens. Osorio-Ramirez works for his brother's dry-wall company for which he files tax returns, and he supports his family household financially. He successfully completed the First Offender Drinking Driver Program at High Point Treatment Center. If released he plans to reside with his mother and sisters in New Bedford.

Osorio-Ramirez has been held in immigration detention since September 22, 2019. Docket No. 9-1 ¶ 6. He received a bond hearing on November 13, 2019. Id. ¶ 9. The court found Osorio-Ramirez to be a danger to the community. Docket No. 9-2. He has a pending application for protection from removal.

## DISCUSSION

In analyzing a detainee's request for a bond redetermination, an immigration judge may consider several factors, including:

> (1) Whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States.

Matter of Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006).

Osorio-Ramirez argues that the result of his bond hearing would have been different if the Immigration Court had placed the burden of proof upon the Government. Respondent contends that the petition should be dismissed because the Petitioner cannot demonstrate prejudice. Because liberty is at stake, the Court writes promptly and briefly.

## I. <u>Danger to the Community</u>

Pursuant to the Court's holding in <u>Brito</u>, the Government carries the burden to prove that an alien poses a flight risk by "a preponderance of the evidence." <u>See</u> <u>Brito</u>, 2019 WL 6333903, at *4.

Here, Osorio-Ramirez disputes the Respondent's characterization of the extensiveness and seriousness of his criminal record, the entirety of which consists of three charges. While driving offenses -- particularly those involving alcohol -- are serious, the two recent charges were dismissed. Osorio-Ramirez's first offense took place in 2014 and was resolved by a continuance without a finding and dismissed one year later. He graduated from a drinking driver program at a treatment center. The two charges from 2019 were dismissed outright, with no explanation from the government as to why. Notably, none of these incidents resulted in personal injury or significant property damage.

Based on Osorio-Ramirez's scant criminal record, the burden allocation "could have affected" the Immigration Court's assessment of dangerousness, which must be found by the heightened burden of clear and convincing evidence. <u>See</u> <u>Doe</u>, 2019 U.S. Dist. LEXIS 22616, at *3-4. Moreover, the immigration judge must consider alternative conditions of release like GPS monitoring. <u>Brito</u>, 2019 WL 63333093 at 8.

**CONCLUSION**

Petitioner Osorio-Ramirez was prejudiced by the errors in his bond hearing and therefore is entitled to a new bond hearing. The petition for a writ of habeas corpus is accordingly **ALLOWED**. The Court ORDERS that Osorio-Ramirez be released unless he receives, within ten calendar days, a bond hearing that complies with the requirements of Brito v. Barr, No. 19-11314, 2019 WL 6333093, at *8 (D. Mass. Nov. 27, 2019).

SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
United States District Judge